**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                                   CASE NO.: 3:05cr69/MCR

DAVID EMORY FLEET

_____/

**O R D E R**

    The government has filed a Motion to Forfeit Substitute Property in an effort to satisfy the court's Preliminary Order of Forfeiture, which forfeited $295,000.00 from Defendant David Fleet to the government.[1] The government seeks to forfeit as substitute assets (1) the defendant's marital home which he jointly owns with his wife as tenants by the entireties; (2) a Mazda Van owned solely by defendant; and (3) a Toyota Echo and (4) a Volkswagon Beetle owned jointly by defendant and his wife. Defendant opposes forfeiture of the martial home on the grounds that it is not subject to forfeiture under Florida law because he and his wife own it as tenants by the entireties and the vehicles because all three are used and needed by the family.

    As to the martial home, defendant argues that it is protected from forfeiture under Florida law because it was owned as a tenancy by the entireties and was not connected in any way to the commission of the offense.[2] Defendant argues that property not used

---

[1] Following the jury's guilty verdict at trial, defendant consented to a $295,000.00 forfeiture money judgment. As a threshold matter, the court finds that the defendant has transferred, deposited into the name of third parties, or otherwise disposed of the $295,000.00 in forfeited proceeds or that said proceeds cannot be located upon the exercise of due diligence.

[2] A tenancy by the entireties is a special creature under Florida property law and is unique to the marriage: "Under the Florida law, '[a]s long as all the unities remain in tact ... each spouse's interest comprises the whole or entity of the property and not a divisible part; the estate is inseverable. Neither spouse can sell, forfeit or encumber any part of the estate without the consent of the other, nor can one spouse alone lease it or contract for its disposition. Creditors cannot levy on entireties property to satisfy the debt of an individual spouse. The state cannot deem entireties property forfeit [sic] because of the unlawful conduct of

in the commission of the offense or purchased with ill-gotten gains, which is protected from forfeiture under state law, should not be forfeited as a substitute asset.[3] The defendant in essence argues that federal forfeiture law does not preempt state law when the property at issue is a substitute asset. The problem with this argument is obvious from a plain reading of the statute. Title 21 U.S.C. § 853(a) expressly preempts state law where application of state law would conflict with the forfeiture of property otherwise subject to forfeiture under the federal statute. See 21 U.S.C. § 853; see also United States v. Kennedy, 201 F.3d 1324, 1334 n. 16 (11th Cir. 2000); United States v. One Single family Residence, 894 F.2d 1511, 1518 n. 7 (11th Cir. 1990). Substitute assets are subject to forfeiture under subsection (p) of section 853, and there is no limiting language in the statute pertaining to substitute assets. If Congress had wanted to carve out a "preemption exception" for these assets or otherwise distinguish this property from that directly connected to the crime, it could have done so. It did not and nothing in the statute remotely suggests an intent to do so.

The government has brought to the court's attention the Seventh Circuit's decision in United States v. Lee, 232 F.3d 556, 561 (7th Cir. 2000), in which that court reached a contrary conclusion to the position advanced by the government and determined that state law should control the question of whether marital property is subject to forfeiture as a substitute asset. The court in Lee concluded that an innocent spouse's rights should predominate over the government's interest in seizing property connected to a crime where the property was not used unlawfully and state law otherwise protects the property from forfeiture. This court respectfully disagrees and notes that in reaching its decision the Seventh Circuit applied a policy rationale based on a concern for the rights of an innocent

---

one spouse acting alone.'" United States v. Kennedy, 201 F.3d 1324 1330 (11th Cir. 2000), citing United States v. One Single family Residence, 894 F.2d 1511, 1514-1515 (11th Cir. 1990).

[3] Defendant believes substitute assets should be treated differently for forfeiture purposes than property connected to the offense.

Case No.: 3:05cr69/MCR

spouse.[4]  Where the statute is clear, however, there is no occasion to consider policy. Section 853 expressly preempts state law as concerns the criminal forfeiture of property under that statute, and nothing in the statute suggests that substitute assets are to be treated differently than property directly connected to the crime.  Consequently, defendant's indivisible one-half interest in the marital property is subject to forfeiture as a substitute asset under § 853(p).[5]

As to the matter of the vehicles, all of defendant's interest in those vehicles is subject to forfeiture under § 853(p).

Accordingly, it is hereby ORDERED that:

1.  All of Defendant David Emory Fleet's interest in and to the subject residential property located at 1712 Evans Court, Niceville, Florida; a Mazda van; a Toyota Echo; and a Volkswagon Beetle is hereby FORFEITED to the United States in partial substitution for the $295,000.00 money forfeiture judgment;

2.  The above substitute property is subject to the disposition of any third party claims pursuant to 21 U.S.C. § 853(n);

3.  Upon adjudication of all third party interests, the United States shall dispose of all substituted property in accordance with the law.

**DONE and ORDERED** this 11th day of April, 2006.

                    s/ *M. Casey Rodgers*
                    **M. CASEY RODGERS**
                    **UNITED STATES DISTRICT JUDGE**

---

[4] The Seventh Circuit's decision in Lee appears based on a perceived innocent owner defense under § 853. To the extent this is what underlies the Lee decision, the law in this circuit is to the contrary. See United States v. Jimerson, 5 F.3d 1453, 1455 n. 4 (11th Cir. 1993).

[5] Although federal law controls whether certain property interests are subject to forfeiture, state law defines the nature of the property interests in the first instance. Kennedy, 201 F.3d at 1334. In this case, defendant and his wife owned the marital property jointly as tenants by the entireties and as such each had an indivisible one-half interest in the property as long as they remained married. See Jimerson, 5 F.3d at 1454. The property interest taken by the government by virtue of this order is defendant's interest. Defendant's wife's interest is unaffected by this order and she will continue to maintain an indivisible one-half interest in the property during the marriage. See id. at n. 2.

Case No.: 3:05cr69/MCR